IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRIAN TAYLOR,

        Plaintiff and Counter
        Defendant,

                                    CIVIL ACTION NO.

v.                              1:07-CV-2671-TWT-RGV

WACHOVIA MORTGAGE
CORPORATION,

        Defendant and Counter
        Plaintiff.

## ORDER FOR SERVICE OF FINAL REPORT AND RECOMMENDATION

Attached is the Final Report and Recommendation of the United States

Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed.

R. Civ. P. 72(b), and this Court's Local Rule 72.  Let the same be filed and a copy,

together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any,

to the Report and Recommendation within ten (10) days of the receipt of this Order.

Should objections be filed, they shall specify with particularity the alleged error or

errors made (including reference by page number to the transcript if applicable) and

shall be served upon the opposing party.  The party filing objections will be

responsible for obtaining and filing the transcript of any evidentiary hearing for

review by the district court.   If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 2nd day of January, 2009.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRIAN TAYLOR,

     Plaintiff and Counter
     Defendant,

v.

WACHOVIA MORTGAGE
CORPORATION,

     Defendant and Counter
     Plaintiff.

CIVIL ACTION NO.

1:07-CV-2671-TWT-RGV

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff Brian Taylor, proceeding pro se, filed this action against defendant

Wachovia Mortgage Corporation ("Wachovia") on September 28, 2007, in DeKalb

County Superior Court. [Doc. 1-2]. Wachovia removed the action to federal court

on October 26, 2007, [Doc. 1], and filed its Answer, Defenses, and Verified

Counterclaim against plaintiff on November 2, 2007, [Doc. 3]. Plaintiff did not reply

to Wachovia's counterclaims, and Wachovia has moved for summary judgment on

all of plaintiff's claims and for summary judgment and default judgment on its

counterclaims. [Doc. 15]. Wachovia's motion is deemed unopposed since plaintiff

has not responded to the motion.  See Local R. 7.1(B), N.D. Ga.[1]  For the following

reasons, the undersigned hereby **RECOMMENDS** that Wachovia's motion, [Doc.

15], be **GRANTED**.[2]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

When ruling on a motion for summary judgment, the Court must view the

evidence and draw all factual inferences in the light most favorable to the non-

moving party.  Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1309 (11th Cir.

2001); Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993).

Because plaintiff has not responded to Wachovia's motion for summary judgment,

the Court derives the following facts from plaintiff's pleadings and Wachovia's

motion for summary judgment, statement of material facts, exhibits, and affidavits

submitted in support thereof.[3]

---

[1] The Court advised plaintiff of the process with regard to filing summary judgment motions and responding thereto in its Scheduling Order of February 28, 2008.  [Doc. 10].  Moreover, the Clerk of Court issued plaintiff a "Notice to Respond to Summary Judgment Motion."  [Doc. 16].

[2] In making this recommendation, the Court notes that it has carefully reviewed defendant's motion and the evidence in support thereof.  See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101-02 (11th Cir. 2004) (stating that a court cannot grant a motion for summary judgment that is unopposed without reviewing the evidence submitted in support of it and determining that summary judgment is appropriate).

[3] Plaintiff has also not responded to Wachovia's statement of material facts. Therefore, the Court must accept as admitted all of the facts submitted by Wachovia

Plaintiff's complaint pertains to property located at 5236 Sandy Shores Court, Lithonia, Georgia 30038. [Doc. 1-2; Doc. 15-3 ¶ 1]. Plaintiff borrowed $1,507,500.00 from Wachovia to purchase this property. [Doc. 13 (Flynt Aff.) ¶ 4; Doc. 13-2 at 2; Doc. 15-3 ¶ 2]. Plaintiff executed an adjustable rate note ("Note") and security deed ("Security Deed") with Wachovia on or about April 5, 2005, both of which reference the subject property. [Doc. 13 ¶ 5; Doc. 13-2; Doc. 13-3; Doc. 15-3 ¶¶ 3-4]. Plaintiff agreed to the terms and conditions of the Note and Security Deed, which included an obligation to timely pay to Wachovia the principal amount plus interest of the debt evidenced by the loan, along with escrow items, prepayment charges, and late charges. [Doc. 13 ¶ 7; Doc. 13-2 ¶¶ 1-3, 9; Doc. 15-3 ¶ 5]. The Security Deed allows Wachovia to exercise remedies in the event of plaintiff's breach of his obligations, including default due to failure to make payments and requiring plaintiff to pay Wachovia's expenses incurred as a result of any loan default, including reasonable attorneys' fees. [Doc. 13 ¶¶ 8-9; Doc. 13-3 ¶ 1; Doc. 15-3 ¶¶ 5-7, 9]. In the event of default, Wachovia could, among other remedies, require immediate payment in full of all sums secured by the Security Deed without further demand, and could invoke its power of sale. [Doc. 3 at 44; Doc. 13 ¶ 8; Doc. 13-2 ¶ 7; Doc. 15-3 ¶ 8].

---

which are supported by citations to the record. <u>See</u> Local R. 56.1(B)(2), N.D.Ga.

Plaintiff failed to make timely loan payments, and on March 2, 2007, Wachovia sent him a letter notifying him of the loan default due to failure to make payments. [Doc. 13-4; Doc. 13 ¶¶ 10-12; Doc. 15-3 ¶¶ 10-13, 16]. The March 2, 2007, letter explained that the total amount due to bring the loan current and cure the default was $25,384.10 as well as any other additional payments and late charges. [Doc. 13-4 ¶ 1; Doc. 13 ¶ 11; Doc. 15-3 ¶ 14]. The letter also explained that if plaintiff did not cure the default within 33 days of the notice letter, Wachovia would, "without further demand, accelerate the maturity date of the Note evidencing the mortgage loan and declare all sums due thereunder immediately due and payable," and that the property would "then be scheduled for foreclosure sale according to the terms of the [Security Deed] and the relevant state law by an attorney or trustee licensed in your state." [Doc. 13-4 ¶ 3; Doc. 13 ¶ 11; Doc. 15-3 ¶ 15]. When plaintiff did not tender any part of the amount due, Wachovia sent a second letter dated May 2, 2007, containing the same information as in the March 2 letter. [Doc. 13-5; Doc. 13 ¶ 12; Doc. 15-3 ¶ 16]. Despite receiving these notices, plaintiff failed to cure the default. [Doc. 13 ¶ 13; Doc. 15-3 ¶ 17].

Pursuant to the terms of the Security Deed, Wachovia accelerated the loan's maturity date, and all sums due under the Note and Security Deed became immediately due and payable. [Doc. 13 ¶ 14; Doc. 15-3 ¶ 18]. Wachovia's counsel

sent plaintiff another letter dated June 18, 2007, notifying him that he immediately owed the total amount of debt, $1,507,500.00, subject to additional interest, late charges and other charges, and that the loan had been referred for initiation of non-judicial foreclosure proceedings on the real property securing the loan. [Doc. 13-6; Doc. 13 ¶ 15; Doc. 15-3 ¶ 19]. On July 11, 2007, counsel sent plaintiff another letter, informing him that unless he cured his default by immediately paying all amounts due, a foreclosure sale of the property would be conducted on August 7, 2007, at the DeKalb County Courthouse. [Doc. 13-7; Doc. 13 ¶ 16; Doc. 15-3 ¶ 20]. The letter included a Notice of Sale Under Power, [Doc. 13-7 at 4], as well as a notice required by the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 et seq. ("FDCPA"), [Doc. 13-7 at 6].[4]

On August 6, 2007, one day before the scheduled foreclosure sale, plaintiff sent a written demand seeking calculations of the loan payoff figures, reinstatement amount, and review of loan documents, which caused the sale to be postponed. [Doc. 13 ¶¶ 17-18; Doc. 15-3 ¶¶ 21-22]. Wachovia provided plaintiff with the requested information, and Wachovia's counsel sent him another letter on August

---

[4] The notice stated that unless the borrower notified the lender in writing within 30 days after receiving the notice that he disputed the validity of the debt or any portion thereof, the lender would assume that the debt was valid, and that if he did provide such written notification, the lender would obtain verification of the debt and mail a copy to him. [Doc. 13-7 at 6].

21, 2007, notifying him that unless he cured his default on the loan by immediately paying all amounts due, the foreclosure sale would be rescheduled for October 2, 2007, and reasonable attorneys' fees would be added to the total amount. [Doc. 13-8; Doc. 13 ¶ 19; Doc. 15-3 ¶¶ 23-25]. The letter again included the Notice of Sale Under Power and the required FDCPA notice. [Doc. 13-8 at 4-6].

On September 28, 2007, plaintiff filed in the DeKalb County Superior Court a complaint which he entitled "Petition for Declaratory Judgment," and a lis pendens notice. [Doc. 1-2]. Plaintiff provided Wachovia's counsel notice of the complaint and lis pendens on October 1, 2007, one day before the rescheduled foreclosure sale. [Doc. 13 ¶ 20; Doc. 13-9; Doc. 15-3 ¶¶ 26-28]. Plaintiff's complaint makes the following claims: Wachovia was not a "bona fide purchaser at foreclosure sale with notice of **any** adverse claim pursuant to 12 U.S.C. 3752(1)," [Doc. 1-2 ¶ 1]; Wachovia "did unlawfully violate [FDCPA] with foreclosure proceedings," [id. ¶ 2]; Wachovia "unlawfully did violate Article 3 section 306 of the Uniform Commercial Code foreclosure proceedings," [id. ¶ 3]; Wachovia "did unlawfully violate O.C.G.A. 44 11-161.2 [sic] foreclosure proceedings conducted below true market vale [sic] of the property owned by the [p]laintiff," [id. ¶ 4]; Wachovia "did unlawfully violate O.C.G.A. 44-11-161 foreclosure proceedings conducted below true market vale [sic] of the property owned by the [p]laintiff," [id. ¶ 5]; Wachovia

"did unlawfully violate O.C.G.A. 44-11-161.1 foreclosure proceedings conducted below true market vale [sic] of the property owned by the [p]laintiff," [id. ¶ 6]; and Wachovia "did unlawfully violate O.C.G.A. 44-14-162 foreclosure proceedings," [id. ¶ 7]. Plaintiff asserts that the lis pendens shall serve as "notice of pending adverse claim serving as a legal impediment and stay against **any** bona fide purchaser for value at **foreclosure** sale pursuant to 12 USC 3752(1)." [Doc. 1-2 at 5 (emphasis in original)].

Wachovia again postponed its foreclosure sale, [Doc. 13 ¶ 20], and after removing the action to this Court, filed its Verified Answer, Defenses, and Counterclaim on November 2, 2007, [Doc. 3 at 1-21; Doc. 11-3 (Ewing Aff.) ¶ 4; Doc. 15-3 ¶ 33]. Wachovia counterclaims for breach of plaintiff's Note and Security Deed, cancellation of the lis pendens, declaratory judgment, and statutory attorneys' fees. [Doc. 3 ¶¶ 23-48; Doc. 11-3 ¶ 9; Doc. 15-3 ¶ 34]. As of March 31, 2008, plaintiff owed $1,507,500.00 for the unpaid principal amount, together with accrued and unpaid interest and late charges in the amount of $131,538.07 (with additional interest accruing at a per diem rate of $299.43); however, as of April 8, 2008, plaintiff had not paid or offered to pay the amounts due and owed. [Doc. 13 ¶¶ 22-23; Doc. 15-3 ¶¶ 31-32].

## II. **DISCUSSION**

Wachovia seeks summary judgment on plaintiff's claims and on its counterclaims as well as a default judgment. [Doc. 15]. Because plaintiff failed to respond to Wachovia's motion for summary judgment, the Court has only plaintiff's complaint and lis pendens to consider in ruling on the motion as to plaintiff's claims, and the vague and conclusory allegations set forth therein are "insufficient to create a genuine issue of material fact to defeat summary judgment." McCarley v. KPMG Int'l, No. 08-10708, 2008 WL 4195152, at *3 (11th Cir. Sept. 15, 2008) (unpublished); Bennett v. Parker, 898 F.2d 1530, 1534 (11th Cir. 1990) (same). Robertson v. Home Depot (U.S.A.), Inc., 976 F. Supp. 1467, 1476 (S.D. Fla. 1997) (same). Wachovia is also entitled to summary judgment and a default judgment on its unopposed counterclaims.[5]

---

[5] Although granting either the motion for default judgment or the motion for summary judgment on Wachovia's counterclaims would render moot the other motion, the undersigned will address the merits of both motions for the sake of completeness. See, e.g., State Nat'l Ins. Co. v. Lewis, Civil Action No. 06-401-KD-B, 2007 WL 1975437, at *1 n.4 (S.D. Ala. July 3, 2007) ("In light of the Court's finding that plaintiff is entitled to summary judgment on the complaint, plaintiff's motion for default judgment . . . is **MOOT**); Nazareth Nat'l Bank & Trust Co. v. E.A. Int'l Trust, No. CIV. A. 98-6163, 2000 WL 32070, at *2 (E.D. Pa. Jan. 14, 2000) (granting plaintiff's motion for default judgment against defendant and denying as moot plaintiff's alternative motion for summary judgment against defendant); Gasser v. Infanti Int'l, Inc., No. 03 CV 6413(ILG), 2008 WL 2876531, at *7 (E.D.N.Y. July 23, 2008) ("The default judgment moots [plaintiff's] remaining claim on its motion for partial summary judgment.").

A.     **Wachovia's Summary Judgment Motion**

1.     **Standard of Review**

Summary judgment is proper "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(c).  Rule 56(c) mandates the entry of summary judgment, after

adequate time for discovery, against a party "who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial."  <u>Celotex Corp. v. Catrett</u>, 477 U.S.

317, 322 (1986).

The movant bears the initial burden of asserting the basis of its motion, and

the burden is a light one.  <u>Id</u>. at 323.  The movant is not required to negate its

opponent's claim.  Rather, the movant may discharge this burden merely by

"'showing'– that is, pointing out to the district court– that there is an absence of

evidence to support the nonmoving party's case."  <u>Id.</u> at 325.  When this burden is

met, the non-moving party is then required to "go beyond the pleadings and . . .

designate specific facts showing that there is a genuine issue for trial."  <u>Id.</u> at 324

(<u>quoting</u> Fed. R. Civ. P. 56(e)) (internal marks omitted).

The evidence and factual inferences must be viewed in the light most favorable to the non-moving party.  See Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987); Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987).  However, the non-moving party must come forward with specific facts showing there is a genuine issue for trial.  An issue is not genuine if it is created by evidence that is "merely colorable" or is "not significantly probative."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); accord Young v. Gen. Foods Corp., 840 F.2d 825, 828 (11th Cir. 1988).  Similarly, substantive law will identify which facts are material.  See Anderson, 477 U.S. at 248.  Thus, to survive a motion for summary judgment, the non-moving party must come forward with specific evidence of every element essential to its case, so as to create a genuine issue for trial.  See Celotex, 477 U.S. at 323; Rollins, 833 F.2d at 1528.

**2.      Summary Judgment as to Plaintiff's Claims**

Wachovia argues that the evidentiary record demonstrates that plaintiff defaulted on his mortgage loan with Wachovia and "repeatedly failed to cure his default," thus entitling Wachovia to exercise its power of sale and other rights and remedies under the loan agreements, which included foreclosure of the subject property.  [Doc. 15-2 at 11].  Consequently, Wachovia seeks summary judgment on the claims in plaintiff's complaint, contending that they are without merit.  For the

following reasons, the undersigned **RECOMMENDS GRANTING** summary judgment for Wachovia on each of plaintiff's claims because he has not pointed to any specific evidence refuting Wachovia's contention that all of his claims lack legal or factual merit, or showing that Wachovia engaged in violations of any of the statutes he cites.[6]

### a.    Plaintiff's Federal Claims

Plaintiff makes a vague, conclusory allegation that Wachovia violated the FDCPA, 15 U.S.C. § 1692, with the foreclosure proceedings, [Doc. 1-2 ¶ 2], but he does not specify which sections of the FDCPA Wachovia allegedly violated, nor does he allege facts in the complaint establishing that Wachovia violated the FDCPA.

---

[6] Moreover, Wachovia argues that plaintiff has no standing to prevent the foreclosure, since under Georgia law, a borrower who executes a security deed and defaults on a loan cannot enjoin a foreclosure sale unless he has first paid the full amount due. [Doc. 15-2 at 12 (citing Mickel v. Pickett, 247 S.E.2d 82 (Ga. Ct. App. 1978)]. Because plaintiff has not shown that he made any attempt to cure his default by paying the remainder of his debt, he cannot bring an action to stop the foreclosure sale of his property. See Smith Citizens & S. Fin. Corp., 268 S.E.2d 157, 159 (Ga. 1980); Mickel, 247 S.E.2d at 87 ("A borrower who has executed a [security deed] is not entitled to enjoin a foreclosure sale unless he first pays or tenders to the lender the amount admittedly due.") (citations omitted). The undisputed facts demonstrate that plaintiff agreed to the terms of the $1,500,507.00 mortgage loan made by Wachovia when he signed the Note and Security Deed on or about April 5, 2007. [Doc. 13 ¶ 5; Doc. 13-2; Doc. 13-3; Doc. 15-3 ¶¶ 3-4]. Plaintiff does not dispute the total amount due, but instead contends that the foreclosure sale was conducted below the true market value of the property. [Doc. 1-2 ¶¶ 4-6]. Plaintiff has not provided any evidence showing that he tendered the full amount of the loan or any portion thereof. Thus, under Georgia law, plaintiff has no standing to bring an action to enjoin the foreclosure sale.

Thus, plaintiff has not met his burden of presenting specific facts showing that there is a genuine issue for trial.  <u>Celotex</u>, 477 U.S. at 323-24.

The pleadings, affidavits, and exhibits in evidence likewise provide no indication that Wachovia engaged in actions which violated the FDCPA.  To the contrary, Wachovia's written notices to plaintiff complied with 15 U.S.C. § 1692g, which provides that within five days after the initial communication with a consumer in connection with the collection of a debt, the debt collector must send the consumer written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a); <u>see</u> <u>Vega v. McKay</u>, 351 F.3d 1334, 1336 (11th Cir. 2003).

In Wachovia's first letter to plaintiff, dated March 2, 2007, and in subsequent letters to plaintiff dated May 2, 2007, and June 18, 2007, Wachovia and its counsel provided notice to plaintiff of the current amount of the debt and the name of the creditor.  Wachovia further advised plaintiff that he may dispute the validity of the debt, and that if he did so in writing within 33 days of receipt of the letter,[7] Wachovia would obtain and provide plaintiff with written verification of the debt, but if plaintiff did not do so in writing, Wachovia would assume the debt to be valid.  Wachovia also informed plaintiff that he could request the name and address of the original creditor if different from Wachovia.  [Doc. 13-4 ¶ 7; Doc. 13-5 ¶ 7; Doc. 13-6 at 2].  Additionally, in defense counsel's July 11, 2007, letter to plaintiff notifying him of the originally scheduled foreclosure sale of August 7, 2007, defense counsel provided plaintiff with a separate written notice containing the same information.  [Doc. 13-7 at 6].  Plaintiff has not alleged or established that defendant's notices violated the FDCPA.  See, e.g., Sims v. GC Servs. L.P., 445 F.3d 959, 963 (7th Cir. 2006) (although 15 U.S.C. § 1692g notice must be presented in a nonconfusing manner from standpoint of "unsophisticated consumer or debtor," plaintiff must present evidence of confusion in the form of an objective measure, and

---

[7] Defense counsel's June 18, 2007, letter to plaintiff stated that he could dispute the validity of the debt in writing within 30 days of receipt of defense counsel's notice.  [Doc. 13-6].

mere claim of confusion is not enough to withstand motion for summary judgment).

Plaintiff has thus failed to establish that there is any genuine issue of material fact

regarding his FDCPA claims, and Wachovia is entitled to summary judgment on

these claims.[8]

Plaintiff claims that Wachovia violated 12 U.S.C. §§ 3752(1), 3752(3), 3752(7),

3755, 3758(1), 3758(2)(A)(i), and 3758(3)(A), of the Single Family Mortgage

Foreclosure Act, alleging that Wachovia is not a "bona fide purchaser at foreclosure

sale with notice of **any** adverse claim," [Doc. 1-2 at 2 & 2 ¶ 1 (emphasis in original)],

but as Wachovia points out, this act applies only to single family mortgages held by

the government.  [Doc. 15-2 at 11 n.2].  See 12 U.S.C. § 3751(b).  Thus, the statute is

inapplicable to the mortgage loan made by Wachovia, a private corporation, to

plaintiff, and summary judgment is due to be granted on these claims as well.  See

Citibank, N.A. v. Gumbs, Civ. Action No. 1:07-cv-2476-TWT, 2007 WL 3491744, at

*5 (N.D. Ga. Nov. 6, 2007).  Plaintiff also alleges that "28 USCA 1201 (RESPA)" is

"mandatory authority."  [Doc. 1-2 at 2].  However, plaintiff has not specified which

provisions of the Real Estate Settlement Procedures Act ("RESPA") he contends

---

[8] Moreover, plaintiff waited until after receipt of Wachovia's fourth notice that he had failed to make payments and that Wachovia planned to invoke its remedies under the Note and Security Deed before finally contesting the validity of the debt, thus exceeding the time limit for challenging the amount of a debt under the FDCPA.  15 U.S.C. § 1692g(a)(3).

Wachovia violated, and since he has simply made a vague, conclusory allegation of law, summary judgment is due to be granted on his RESPA claim.  See Rollins, 833 F.2d at 1528; McCarley, 2008 WL 4195152, at *3.

Plaintiff claims that 11 U.S.C. § 362(C) is also "mandatory authority," but as Wachovia again points out, [Doc. 15-2 at 11 n.2], this statute applies to an automatic stay from a bankruptcy petition, which is not at issue in this case, and plaintiff alleges no facts nor points to any evidence in the record showing that Wachovia violated any provisions of the Bankruptcy Code.  Moreover, "actions against creditors for violations of the automatic stay are to be brought in the bankruptcy court."  Meadows v. Comm'r of Internal Revenue, 405 F.3d 949, 954 (11th Cir. 2005) (citing 11 U.S.C. § 362(h)).  Thus, summary judgment is due to be granted on plaintiff's claims under 11 U.S.C. § 362.

Plaintiff similarly asserts that 28 U.S.C. § 1367(a), (d), and (e) are "mandatory authority," [Doc. 1-2 at 2], but this statute simply permits federal courts to exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Although supplemental jurisdiction may be exercised over state law claims related to federal claims in any action in which the Court has original jurisdiction, "when the federal-law claims have dropped out of

15

the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (footnote omitted); Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999). Since summary judgment is due to be granted on plaintiff's federal law claims, the Court could decline to exercise supplemental jurisdiction over his state claims at this time. Ingram v. Sch. Bd. of Miami-Dade County, 167 Fed. App. 107, 108 (11th Cir. 2006) (unpublished). However, because plaintiff's state claims are also infirm, it is **RECOMMENDED** that the Court exercise supplemental jurisdiction and **GRANT** summary judgment for Wachovia on the state claims as well.[9]

### b.    Plaintiff's State Law Claims

Plaintiff alleges that Wachovia violated "O.C.G.A. 44 11-161.2," "O.C.G.A. 44-11-161," and "O.C.G.A. 44-11-161.1," by instituting foreclosure proceedings

---

[9] Although plaintiff's complaint is entitled "Petition for Declaratory Judgment," he does not specify any declaratory relief he is seeking. In its motion for summary judgment and default judgment, Wachovia asserts that to the extent plaintiff seeks a "declaration as to Wachovia's rights to foreclose the subject property, Wachovia is entitled to summary judgment and a declaration that, as a result of [p]laintiff's default on the loan, Wachovia has the legal right to exercise its power of sale and other rights and remedies provided for under the loan agreements." [Doc. 15-2 at 12]. This is essentially the same relief Wachovia seeks in its counterclaim for declaratory judgment. Therefore, the Court will address Wachovia's argument in connection with its request for a default judgment on its counterclaim for declaratory relief, since plaintiff has not stated a specific claim for declaratory judgment in his complaint.

conducted below the true market value of the subject property.  [Doc. 1-2 ¶¶ 4-6].

As there are no statutes corresponding to the citations referenced by plaintiff, the

Court presumes plaintiff intended to refer to O.C.G.A. § 44-14-161, which pertains

to actions that may be taken to obtain a deficiency judgment when property sold on

foreclosure does not bring the amount of the debt.   As Wachovia points out, a

deficiency judgment is clearly not at issue in this case. [Doc. 15-2 at 11 n.2].  Plaintiff

alleges that Wachovia conducted foreclosure proceedings below the true market

value of the property, but it does not appear from the record that a foreclosure sale

has taken place, since plaintiff filed a claim in state court and stalled the

proceedings.   Moreover, plaintiff's vague and conclusory allegations are not

sufficient to raise a genuine issue of material fact upon a motion for summary

judgment.   Bennet, 898 F.2d at 1534.

Plaintiff's claim that Wachovia violated O.C.G.A. § 44-14-162, [Doc. 1-2 ¶ 7],

is likewise due to fail because this section requires foreclosure sales to be

"advertised and conducted at the time and place and in the usual manner of the

sheriff's sales in the county in which such real estate or a part thereof is located."

O.C.G.A. § 44-14-162(a).  Again, plaintiff presents no facts showing how Wachovia

violated this provision, and Wachovia attached the Notice of Sale, which satisfies the

requirements of O.C.G.A. § 44-14-162.2.

Plaintiff also alleges that Wachovia's foreclosure proceedings violated "Article 3 section 306" of the Uniform Commercial Code ("UCC"), [Doc. 1-2 at 1-2 & ¶ 3], which is not a federal statute. See Bank of New York v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *2 n.1 (N.D. Ga. Feb. 25, 2008) (adopted at 2008 WL 544741, at *1); Citibank, N.A. v. Gumbs, Civil Action No. 1:07-CV-2476-TWT, 2007 WL 3491744, at *4 (N.D. Ga. Nov. 6, 2007) (citation omitted) (adopted at 2007 WL 3491744, at *1).   The identical provision in the Georgia Uniform Commercial Code is located at O.C.G.A. § 11-3-603, which provides, in part, "If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract."  O.C.G.A. § 11-3-603(a). See also Davis v. Dillard Nat'l Bank, No. 1:02 CV 00546, 2003 WL 21297331, at *2 & n.4 (M.D.N.C. June 4, 2003)).  As Wachovia argues and the record demonstrates, plaintiff has not presented any evidence showing that he ever tendered or offered to tender the full amount due under the loan to cure his default.  [Doc. 15-2 at 12]. As plaintiff has not made any tender applicable under O.C.G.A. § 11-3-603(a), his claim lacks "legal or factual merit," [Doc. 15-2 at 11], and cannot survive Wachovia's motion for summary judgment.  Cf. Fid. Nat'l Bank v. Reid, 348 S.E.2d 913, 915 (Ga.

Ct. App. 1986) (debtor fully satisfied debt on note, which discharged debtor from liability on that note under O.C.G.A. § 11-3-603).

### 3.  Summary Judgment as to Wachovia's Counterclaims

Wachovia also seeks summary judgment on its counterclaims for breach of contract, cancellation of plaintiff's lis pendens notice, and attorneys' fees.[10]  The Court will address the merits of each claim.

### a.     Breach of Contract Claim

Wachovia asserts that plaintiff breached the Note and Security Deed by defaulting on his loan in failing to make payments due for March 2007 and thereafter, that Wachovia has been and continues to be damaged by his breach, and that as of March 31, 2008, plaintiff owes $1,507,500.00 for the unpaid principal together with accrued interest and late charges in the current amount of amount of $131,538.07 (with additional interest accruing at a per diem rate of $299.43).  [Doc. 15-3 ¶¶ 31-32; Doc. 3 ¶¶ 27-32].[11]

---

[10] Wachovia's request for declaratory relief will be addressed in ruling on the motion for default judgment hereinafter.

[11] "The elements of a right to recover for a breach of contract are the breach and the resultant damages to the party who has the right to complain about the contract being broken."  Budget Rent-a-Car of Atlanta, Inc. v. Webb, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996) (internal marks and citation omitted).

It is undisputed that plaintiff signed and agreed to the terms of the Note and Security Deed; that he agreed to make timely monthly payments and that the loan documents allowed Wachovia, should plaintiff breach his loan obligations, to exercise the remedy of default, require plaintiff to pay Wachovia's expenses, including reasonable attorneys' fees, incurred as a result of the default, and accelerate the maturity date of the loan to require immediate payment of all sums due under the loan and exercise its power of sale; that plaintiff failed to make payments in March 2007 and thereafter; and that plaintiff has not offered any evidence showing that the total amount of his debt is incorrect or that he has tendered the full amount of the debt or any portion thereof.   Based on the undisputed evidence of record, plaintiff breached his obligations to Wachovia under the terms of the Note and Security Deed, and it is **RECOMMENDED** that summary judgment be **GRANTED** for Wachovia on this counterclaim.   See McGrady v. Nissan Motor Acceptance Corp., 40 F. Supp. 2d 1323, 1339-40 (M.D. Ala. 1998) (granting summary judgment on counterclaim for breach of contract where plaintiff failed to raise genuine issue of material fact that she did not owe a deficiency balance on her repossessed vehicle); JMC Constr. LP v. Modular Space Corp., Civil Action No. 3:07-CV-01925-B, 2008 WL 4790993, at *4 (N.D. Tex. Oct. 30, 2008) (granting plaintiff's motion for summary judgment on breach of contract claim

where defendant presented no evidence that plaintiff assumed liability for wear and tear of buildings transferred in purchase and sale agreement, and did not point out genuine issue of material fact).

### b. Cancellation of Lis Pendens

Wachovia also seeks summary judgment on its counterclaim requesting cancellation of the lis pendens plaintiff filed, claiming he filed it without a basis in law or fact, without complying with conditions precedent, and in an effort to stall Wachovia's non-judicial foreclosure sale of the subject property. [Doc. 15-2 at 14-15; Doc. 3 ¶¶ 38-42]. A notice of lis pendens may be recorded in suits involving real property "actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property." Quill v. Newberry, 518 S.E.2d 189, 194 (Ga. Ct. App. 1999) (citation omitted); O.C.G.A. § 44-14-610. "In Georgia, there is no specific statutory authorization for the filing of a motion to cancel a notice of lis pendens." Jay Jenkins Co. v. Fin. Planning Dynamics, Inc., 343 S.E.2d 487, 489 (Ga. 1986). However, "motions to cancel notices of lis pendens have been entertained." Id. A trial court may "order that [a] notice of lis pendens be cancelled in light of its grant of summary judgment to the defendant[] on the underlying claims." Triple Net Props., LLC v. Burruss Dev. & Constr., Inc., 667 S.E.2d 127, 132 (Ga. Ct. App. 2008).

Because it is recommended that summary judgment be granted on all of plaintiff's underlying claims against Wachovia, and, as Wachovia has argued, the lis pendens appears to have been filed "merely in an effort to improperly stall Wachovia's power of sale rights under the governing loan agreements," [Doc. 15-2 at 14], the undersigned **RECOMMENDS** that Wachovia's motion for summary judgment be **GRANTED** as to Wachovia's counterclaim for cancellation of the lis pendens notice.  See Triple Net Props., LLC, 667 S.E.2d at 132; Zohoury v. Zohouri, 463 S.E.2d 141, 144 (Ga. Ct. App. 1995) ("The trial court clearly had the authority to cancel the lis pendens notice once the underlying action was dismissed with prejudice.").  The undersigned further **RECOMMENDS** that should the Court adopt this Report and Recommendation, the Clerk of the DeKalb County Superior Court be directed to cancel the lis pendens notice on the subject property.  Fowler v. Merrill Lynch Credit Corp., No. Civ.A. 1:00CV1641GET, 2006 WL 2224019, at *2 (N.D. Ga. Aug. 2, 2006); Petito v. Brewster, Civil Action No. 3:08-CV-0006-L, 2008 WL 2446905, at *5 (N.D. Tex. June 18, 2008) (directing county clerk of court to cancel lis pendens); Seattle-First Nat'l Bank v. Pool Eng'g, Inc., No. A94-0150 CIV (HRH), 1995 WL 58725, at *7 (D. Alaska Feb. 1, 1995) (granting motion for summary judgment and directing clerk of court to enter judgment that the notice of lis

22

pendens filed by the opposing party be cancelled and expunged from public records).

       **c.**    **Attorneys' Fees**

Wachovia also seeks summary judgment on its counterclaim pertaining to attorneys' fees. [Doc. 15-2 at 13-16; Doc. 3 ¶¶ 43-48]. Wachovia argues that pursuant to the terms of the Note and Security Deed to which plaintiff agreed, plaintiff should be required to pay Wachovia's statutory attorneys' fees according to O.C.G.A. § 13-1-11.[12] [Doc. 15-2 at 14; Doc. 3 ¶¶ 43-48]. It is undisputed that plaintiff breached the terms of the Note and Security Deed, which obligate him to pay the amount of all unpaid principal, interest, late charges, and attorneys' fees. Thus, under Georgia law, Wachovia would be entitled to attorneys' fees in the amount of 15 percent of the first $500.00 of the principal and interest owed under the Note and Security Deed, and 10 percent of the amount of principal and interest owed thereon in excess of $500.00. See O.C.G.A. § 13-1-11(a)(2); Long v. Hogan, 656 S.E.2d 868, 870 (Ga. Ct. App. 2008) (citing Ahmad v. Excell Petroleum, 623 S.E.2d 6, 9-10 (Ga. Ct. App. 2005)). Wachovia has provided concrete evidence of the total

---

[12] The statute provides, in part: "Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectible as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity . . . ." O.C.G.A. § 13-1-11(a).

amount due, which plaintiff does not dispute, nor does he dispute his obligation to pay it or his agreement to pay attorneys' fees should he default on the loan. Thus, the undersigned **RECOMMENDS** that summary judgment be **GRANTED** as to Wachovia's request for attorneys' fees calculated pursuant to O.C.G.A. § 13-1-11.[13]

## B.   Default Judgment as to Wachovia's Counterclaims

In addition to moving for summary judgment, Wachovia seeks a default judgment on it counterclaims. [Doc. 15-2 at 15-16]. On April 9, 2008, Wachovia moved for clerk's entry of default based on plaintiff's failure to answer its counterclaim. [Doc. 11]. Plaintiff did not oppose this motion, and default was entered on April 29, 2008. [See Apr. 29, 2008, docket entry]. Wachovia now seeks entry of default judgment, which is appropriate "'[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise.'" Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002) (quoting Fed. R. Civ. P. 55(a)); Anderson v. Ga. State Pardons & Parole Bd., 165 Fed. App. 726, 728 (11th Cir. 2006) (unpublished). Entry of default judgment is a drastic remedy which should be used only in exceptional

---

[13] Wachovia asserts, and the Court accepts, that as of March 31, 2008, it was "entitled to an award of $75.00 (15% of the first $500.00 of principal and interest owed) plus $163,362.83 (10% of $1,633,628.30)," with "interest accru[ing] at a per diem rate of $299.43." [Doc. 15-2 at 14 n.4].

circumstances. <u>Mitchell</u>, 294 F.3d at 1316-17. A default judgment is warranted only if the facts alleged in the counterclaim, which are deemed admitted by virtue of plaintiff's default, "sufficiently establish a claim for relief." <u>Priority Records, LLC v. Lee</u>, No. 5:06-CV-231 (CAR), 2007 WL 1087418, at *2 (M.D. Ga. Apr. 9, 2007). <u>See also</u> <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[D]efault judgment cannot stand on a [counterclaim] that fails to state a claim."); <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975) ("defendant, by his default, admits the plaintiff's well-pleaded allegations of fact").[14]

Plaintiff was required to reply to Wachovia's counterclaim within 20 days after service of the counterclaim. <u>See</u> Fed. R. Civ. P. 12(a)(1)(B). Plaintiff did not reply to the counterclaims and filed no response to Wachovia's motion for summary judgment and default judgment. These circumstances support entering a default judgment in this case. <u>See</u> <u>In re Knight</u>, 833 F.2d 1515, 1516 (11th Cir. 1987) (holding that the interests of justice were "better served by enforcing the rule of procedure" than by allowing case where party filed answer on the day default was entered and day before default judgment was entered to proceed on merits); <u>Viveros v. Nationwide Janitorial Ass'n, Inc.</u>, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering

---

[14] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

default judgment against counterclaim defendant who had failed to answer or otherwise respond to counterclaim within time provided by Rule 12(a)).  Having already addressed the merits of Wachovia's counterclaims in ruling on the motion for summary judgment, the undersigned finds that Wachovia has sufficiently stated claims for which a default judgment may be entered.

Rule 55(b)(2) of the Federal Rules of Civil Procedure grants the Court the authority to enter default judgment against a defaulting party.  However, unless the award sought is for a "sum certain or a sum that can be made certain by computation," the Court must hold a hearing to determine the proper amount of damages before it enters default judgment.  See Fed. R. Civ. P. 55(b)(1), (2); S.E.C. v. Smyth, 420 F.3d 1225, 1231-32 (11th Cir. 2005); Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985) (citing United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam)).  "Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required."  Capitol Records v. Carmichael, 508 F. Supp. 2d 1079, 1085 (S.D. Ala. 2007) (citations omitted); Chudasama, 123 F.3d at 1364 n.27 (judicial determination of damages unnecessary where claim is for sum certain or sum which can by computation be made certain).

26

Wachovia, as supported by affidavits, seeks a default judgment in the amount of $1,507,500.00 for the unpaid principal amount of plaintiff's loan, together with accrued and unpaid interest and late charges.  [Doc. 15-2 at 16 (<u>citing</u> Doc. 13 ¶¶ 7, 22; Doc. 13-2; Doc. 13-3)].  Wachovia also sets forth $131,538.07 as the current amount of plaintiff's accrued and unpaid late charges as of March 31, 2008, and provides the per diem rate of accrual.  [Doc. 13 ¶¶ 22-23; Doc. 15-3 ¶¶ 31-32].  Thus, Wachovia asserts that it is entitled to a default judgment in the amount of $1,639,038.00, with interest accruing as of April 1, 2008, plus an amount for post-judgment interest as allowed by law.  [Doc. 15-2 at 16].  Thus, it is clear that Wachovia is requesting a "sum certain or . . . a sum that can be made certain by computation," and a hearing on damages is not necessary.  Fed. R. Civ. P. 55(b)(1), (2); <u>Capitol Records</u>, 508 F. Supp. 2d at 1085; <u>Chudasama</u>, 123 F.3d at 1364 n.27.  The undersigned therefore **RECOMMENDS** that Wachovia be **GRANTED** a default judgment in the amount of  $1,639,038.00, with interest accruing at a per diem rate of $299.43, as of April 1, 2008, plus an amount for post-judgment interest as allowed by law, and that Wachovia is entitled to statutory attorneys' fees in the amount of $75.00 (15% of the first $500.00 of principal and interest owed) plus $163,362.83 (10% of $1,633,628.30), with interest accru[ing] at a per diem rate of $299.43.

Finally, Wachovia seeks declaratory relief pursuant to O.C.G.A. § 9-4-1 et seq., asking the Court to declare that Wachovia is entitled to exercise all rights and remedies provided for under the Note and Security Deed as a result of plaintiff's loan default.  [Doc. 15-2 at 13-14; Doc. 3 ¶¶ 33-37].  The purpose of a declaratory judgment action under O.C.G.A. § 9-4-1 is to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." "If an action for declaratory judgment raises issues that are moot, however, 'the Georgia statute is not applicable, and the action must be dismissed as decisively as would be any other action presenting the same non-justiciable issues.'" Barksdale v. DeKalb County, 561 S.E.2d 163, 164 (Ga. Ct. App. 2002) (quoting Dean v. City of Jesup, 549 S.E.2d 466, 468 (Ga. Ct. App. 2001) (citations and punctuation omitted)). Wachovia has not addressed whether a favorable ruling on its motion for summary judgment and default judgment renders moot its claim for declaratory relief. However, the undersigned finds that Wachovia remains entitled to a default judgment since plaintiff did not reply to the counterclaim for declaratory relief. See Owners Ins. Co. v. James, 295 F. Supp. 2d 1354, 1360 (N.D. Ga. 2003) (granting default judgment on declaratory judgment claim).   Accordingly, it is **RECOMMENDED** that default judgment be **GRANTED** as to Wachovia's claim for declaratory judgment.

## III.  <u>CONCLUSION</u>

For the foregoing reasons, the undersigned hereby **RECOMMENDS** that Wachovia's motion for summary judgment and default judgment, [Doc. 15], be **GRANTED** as to all of plaintiff's claims and as to Wachovia's counterclaims for breach of contract, cancellation of the lis pendens notice, declaratory relief, and award of attorneys' fees.

**IT IS SO RECOMMENDED AND DIRECTED**, this 2nd day of January, 2009.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

29